UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00331-MOC-DCK

| | |
|---|---|
| **TROPICAL NUT & FRUIT CO.,** )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>**ANDALUCIA NUTS COMPANY,** )<br>)<br>Defendant(s). ) | ORDER |

**THIS MATTER** is before the court on plaintiff's Motion to Strike First and Fourth Affirmative Defenses (#7) as asserted in defendant's Answer.

In response, defendant cites no binding authority to support continuation of its Fourth Affirmative Defense "No Likelihood of Confusion." The Third Circuit decision cited, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244 (3d Cir. 2006), is insufficient as it does not support further maintenance of such defense in the context of this civil action. Indeed, whether defendant's allegedly infringing mark had the likelihood to confuse consumers is an essential element of plaintiff's claim of infringement and cannot be an affirmative defense. Whirlpool Properties, Inc. v. LG Electronics U.S.A., Inc., 2005 U.S. Dist. LEXIS 30311, at *74 (W.D. Mich. Nov. 17, 2005). The Fourth Affirmative Defense will be stricken.

As to the First Affirmative Defense of "Failure to Join a Party under Rule 19," defendant lacks standing to assert an affirmative defense under Rule 19(a)(1)(B), Fed.R.Civ.P., on behalf of an absent party, Whole Foods. Defendant's reliance on Rule 19(a)(1)(A), Fed.R.Civ.P., to

1

support maintenance of such defense is unavailing, as that rule requires joinder of a non-party only if, in that non-party's absence, the court cannot accord complete relief among existing parties. Id. Defendant has not plausibly alleged that the court "cannot accord complete relief among existing parties," which is required to assert Rule 19(a)(1)(A) defensively. While defendant apparently contends that it was Whole Foods that directed it to produce products that allegedly infringe plaintiff's federally-registered DIET DELIGHT, STUDENT FOOD, and CINNAMON SPLENDOR marks, such does not appear to be a cognizable defense to plaintiff's claims of willful infringement by this defendant's conduct. As plaintiff and defendant are the only "existing parties" to the lawsuit, and the court has authority to afford complete relief to plaintiff if defendant's alleged acts of infringement are proven, Whole Foods is not a necessary party under Rule 19. Thus, the Fourth Affirmative defense will be stricken.

* * *

Finally, in allowing plaintiff's motion, the court takes no position on whether defendant can bring a third party claim against Whole Foods or seek joinder of Whole Foods for purposes of contribution under some theory of contributory trademark infringement. See Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 855 (1982) (To be liable for contributory trademark infringement, a defendant must have (1) "intentionally induced" the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied). Inasmuch as the issues have now joined, respective counsel are advised to promptly conduct the IAC and submit their CIAC and proposed Pretrial Order to Judge Keesler within the time provided by the Local Civil Rules.

**ORDER**

**IT IS, THEREFORE, ORDERED** plaintiff's Motion to Strike First and Fourth Affirmative Defenses (#7) is **ALLOWED**, and defendant's First and Fourth affirmative defenses are stricken.

Signed: January 3, 2013

Max O. Cogburn Jr.
United States District Judge